DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0053 |
| ) | |
| **NYRON ERICKSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is the Government's Motion to Continue Jury Trial currently scheduled for April 24, 2023. (ECF No. 108.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including August 21, 2023.

This matter commenced on August 1, 2019, when the United States (the "Government") filed a sealed grand jury Indictment. On September 16, 2020, the Government filed a redacted Indictment, charging Nyron Erickson with International Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and Bulk Cash Smuggling, in violation of 31 U.S.C. §§ 5332(a)(I) and (b)(1) and (2). (ECF No. 61.) Nyron Erickson was arrested on February 27, 2023, (ECF No. 67), and appeared initially before the Magistrate Judge on February 28, 2023. (ECF No. 68.) He was arraigned on March 7, 2023.

On March 20, 2023, Defendant Nyron Erickson filed an unopposed Motion to Extend Motions Deadline because his counsel did not receive all discovery form the Government and was unable to meet with his counsel to review the discovery that was received since he has been in quarantine at MDC Guaynabo and is not allowed to have any attorney legal visits. (ECF No. 102.) The motion is pending at this time. On April 11, 2023, the Government filed an unopposed motion to continue jury trial, asserting that its counsel is scheduled to be in trial in *United States v. James Phillip*, 1:19-cr-0001, that was scheduled for April 24, 2023. (ECF No. 108.)

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the parties sufficient time to prepare for trial. An extension is also necessary due to a conflict with the government's counsel being required to appear for trial in another previously scheduled criminal case.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 21, 2023, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue Jury Trial, ECF No. 108, is hereby **GRANTED**; it is further

*United States v. Nyron Erickson*
Case No. 3:19-cr-0053
Order
Page **3** of **3**

  **ORDERED** that the parties shall have until **April 24, 2023,** to file any substantive motions; it is further

  **ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 11, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

  **ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 16, 2023;[1] and it is further

  **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for April 24, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on August 21, 2023, in St. Thomas Courtroom 1.

**Dated:** April 13, 2023           */s/ Robert A. Molloy*
                      **ROBERT A. MOLLOY**
                      **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.